IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv560-RJC
(3:09cr130-RJC)

| | |
|---|---|
| MOISES GARDUNO VALENCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b), foll. § 2255. For the reasons stated herein, it appears that Petitioner's motion is time-barred. He shall be given 20 days in which to file a document explaining why he believes his motion should not be dismissed as untimely filed.

**I. Factual and Procedural Background**

On July 21, 2009, Petitioner was indicted for conspiracy to attempt to distribute and to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute at least 500 grams of cocaine of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2 (Count Two). (Case No.

3:09cr130-3, Doc. No. 1). On October 6, 2009, Petitioner entered a guilty plea to Count One pursuant to a plea agreement, in which the Government agreed to dismiss Count Three. (Id., at Doc. No. 35). The Court sentenced Petitioner to a term of 70 months imprisonment, and Judgment was entered on October 13, 2010. (Id., at Doc. No. 75).

Petitioner did not file a direct appeal to the Fourth Circuit Court of Appeals. Instead, on November 4, 2011[1], he filed the instant § 2255 Motion raising two challenges to the effective-ness of trial counsel's assistance. (Doc. No. 1 at 4-5).

## II. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides: A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Although Petitioner signed his Motion on September 20, 2011, he failed to comply with his form-Motion's instructions that he indicate the date on which he placed the Motion in his Prison's mailing system for mailing to Court. (Doc. No. 1 at 13). In any event, the envelope in which Petitioner's Motion was mailed to the Court has a post mark date of November 4, 2011. Accordingly, giving Petitioner the benefit of the most reasonable doubt, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will construe his Motion as having being filed on November 4, 2011.

§2255(f). The record reflects that Petitioner's conviction and sentence became final no later than October 27, 2010, that is, at the expiration of the 14-day period during which he could have filed a notice of appeal. See Fed. R. App. P. 4(b)(1)(A) (2010) (providing 14-day appeal period); and Clay v. United States, 537 U.S. 522 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Therefore, Petitioner had until October 27, 2011 in which to file the instant § 2255 Motion with the Court. It appears that, absent equitable tolling, Petitioner's Motion to Vacate is time-barred.

The Fourth Circuit has directed district courts to warn *pro se* petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion). Petitioner shall have the opportunity to explain why his § 2255 Motion should not be dismissed as untimely filed.

**IT IS, THEREFORE, ORDERED** that Petitioner has twenty (20) days from the Court's entry of this Order in which to file a document explaining why his § 2255 motion should not be dismissed as time-barred.

Signed: December 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge