IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-560-RJC
(3:09-cr-130)

| | | |
|---|---|---|
| MOICES GARDUNO VALENCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Motion will be dismissed.

**I. BACKGROUND**

On July 21, 2009, Petitioner was charged by a Grand Jury sitting in the Western District of North Carolina with one count of conspiring to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(Count One), and one count of knowingly possessing with intent to distribute cocaine in an amount in excess of five hundred grams of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2 (Count Two). (3:09-cr-130, Doc. 1: Indictment). On October 6, 2009, while represented by counsel, Petitioner signed a Plea Agreement with Respondent wherein he agreed to plead guilty to Count One of the Indictment in return for Respondent's agreement to dismiss Count Two. (Doc. No. 35). That same day, Petitioner appeared with counsel for his Rule 11 hearing before United States Magistrate Judge David S. Cayer. Following the standard colloquy, Judge Cayer accepted

1

Petitioner's plea of guilty to Count One. (Doc. No. 36: Acceptance and Entry of Guilty Plea). On October 1, 2010, Petitioner appeared with counsel before the Court for his sentencing hearing. After hearing from the parties, the Court sentenced Petitioner to 70 months active imprisonment for conviction of Count One, and dismissed Count Two. On October 13, 2010, the Court entered Judgment. (Doc. No. 75). Petitioner did not file an appeal from the Judgment. Petitioner is presently incarcerated in the D. Ray James Federal Correctional Institution ("FCI").

On November 7, 2011, Petitioner filed the instant Motion under Section 2255.[1] The Court conducted an initial review and noted that Petitioner's Motion appeared to be untimely under 28 U.S.C. § 2255(f)(1) as it was filed more than one year after Petitioner's conviction became final. The Court entered an Order warning Petitioner, in accordance with Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that his § 2255 appeared to be untimely, and Petitioner was provided an opportunity to address the timeliness of his § 2255 Motion, and Petitioner did so. (3:11-cv-560, Doc. Nos. 2; 3, respectively). In his response, Petitioner conceded that his Motion was filed more than one year after his conviction became final, but he appealed to the Court that, in essence, his case should be subject to equitable tolling because he diligently worked on his § 2255 Motion, and there were circumstances beyond his control which prevented him from filing a timely motion. (Doc. No. 3).

**II. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

---

[1]The Court noted in a previous Order that Petitioner signed his Section 2255 Motion on September 20, 2011, but he failed to comply with his form-Motion's instruction to indicate the date on which he placed the Motion in his prison's mailing system for mailing to the clerk of court. The envelope containing Petitioner's Motion bore a post mark date of November 2, 2011. The Court therefore construed that Petitioner's motion had been "filed" on that date. (3:11-cv-560, Doc. 2 at 2 n.1). See Houston v. Lack, 487 U.S. 266 (1988).

(the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On October 1, 2010, Petitioner was sentenced and on October 13, 2010, the Court entered a written Judgment. Petitioner did not file an appeal, and his conviction and sentence became final no later than October 27, 2010, following the expiration of the 14-day time period for filing a notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(2010) (providing 14-day appeal period). 28 U.S.C. § 2255(f)(1) provides that the statute of "limitation period shall run from . . . the date on which the judgment of conviction becomes final." Therefore, absent equitable tolling, the Petitioner's motion is untimely. Holland v. Florida, 130 S. Ct. 2549, 2554 (2010) (equitable tolling applies to the AEDPA's statute of limitations).

In order to be entitled to equitable tolling, the Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

3

prevented timely filing." Id. at 2562. However, this remedy is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)), cert. denied 541 U.S. 905 (2004); see also United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (finding a prisoner must be precluded from compliance by circumstances external to his own conduct).

Petitioner contends that even though his § 2255 Motion was filed more than one year after his sentence and conviction became final, his untimely filing should be excused. Petitioner explains that following his conviction he was housed in a county jail from October 13, 2010, through March 21, 2010, and during that time he had no access to a law library. (Doc. No. 3 at 1). On March 24, 2010, Petitioner was transferred to D. Ray James FCI and he began his legal research and he explains that he worked diligently, but was his progress was hampered because of a "lock down" in his facility during the months of May and September, 2011, which prevented him from accessing the facility's law library. Petitioner also explains that his § 2255 Motion was returned to him twice. "Once for insufficient postage, and a second time due to being sent to the wrong address." (Id.). Finally, Petitioner states that he "did petition the court to grant . . .an extension to the 365 day dead line." (Id).

First, limited access to a law library presents an insufficient ground to justify equitable tolling. See Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (find that limited access to the prison law library does not present suitable ground for equitable tolling); see also United States v. Johnson, 2010 WL 348015, at *2 n.3 (W. D. Va. 2010) (finding the same). From the record before the Court, it appears that Petitioner had at least four months of access to his prison's law

4

library. This argument is overruled.

Second, a prison transfer while the one-year statute of limitations is running is insufficient to support a finding of equitable tolling. Petitioner states that he was transferred to D. Ray James FCI on March 24, 2010, and excepting the two months of lock down, Petitioner had four apparently unfettered months to conduct his legal research and prepare his Motion. (Doc. No 3). For the same reasons stated above, this argument is overruled.

Third, Petitioner explains that his Motion was twice returned to the prison due to insufficient postage and due to sending the Motion to the wrong address. (Id.). Petitioner attaches exhibits to his response which are Form Section 2255 motions and appear to bear the file stamp of the United States Court of Appeals for the Fourth Circuit. (Id. at 3-1; 3-2). The first exhibit is file-stamped May 31, 2011, and therein Petitioner explains that his prison was in lock down, and that the Motion had been returned to him twice. In the second exhibit, also file-stamped May 31, 2011, Petitioner appears to set out claims he believes entitle him to relief in a Section 2255 action. These exhibits do nothing to demonstrate why Petitioner should be entitled to equitable tolling. At best the exhibits may show that Petitioner's efforts to complete his Section 2255 were underway in May, 2011. Although it is unclear when one of Petitioner's "Motions" was returned due to insufficient postage, it does not appear that he is referencing the Section 2255 Motion which was filed November 4, 2011. If fact, Petitioner readily concedes that the present Motion was filed 20 days late, and further, he offers no proof to support that the present Motion was returned due to insufficient postage. These arguments are overruled.

Finally, Petitioner maintains that he petitioned the court for an extension of time, but he never received a response. The Docket Entry sheet does not reflect any such motion was ever received by the Clerk of Court, nor does Petitioner bolster this claim by including a copy of said

motion. This argument is overruled.

Petitioner has failed to carry his burden of demonstrating that he should be entitled to equitable tolling. And it is uncontested that Petitioner's Section 2255 Motion was filed some 20 days after the one-year statute of limitations had run. 28 U.S.C. § 2255(f)(1). Therefore, Petitioner's Section 2255 Motion will be dismissed for being untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, (Doc. No. 1), is **DISMISSED** for being untimely filed.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: June 11, 2012

_[signature]_

Robert J. Conrad, Jr.
Chief United States District Judge

6

Case 3:09-cr-00130-RJC   Document 123   Filed 06/11/12   Page 6 of 6